**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

QCX LLC d/b/a Polymarket US,

*Plaintiff*,

v.

DANA NESSEL, in her official capacity as Attorney General of Michigan; JIM ANANICH, in his official capacity as Board Chair of the Michigan Gaming Control Board; JONI M. THROWER DAVIS, in her official capacity as Member of the Michigan Gaming Control Board; ANDREW T. PALMS, in his official capacity as Member of the Michigan Gaming Control Board; DEIDRE A. LAMBERT-BOUNDS, in her official capacity as Member of the Michigan Gaming Control Board; MARK EVENSON, in his official capacity as Member of the Michigan Gaming Control Board; and HENRY WILLIAMS, in his official capacity as Executive Director of the Michigan Gaming Control Board,

*Defendants*.

Hon. Paul L. Maloney

Case No.: 1:26-cv-00710-PLM-PJG

**PLAINTIFF POLYMARKET US'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Polymarket US respectfully submits this response to Defendants' Notice of Supplemental Authority. PageID.1087. In *Blue Lake Rancheria v. Kalshi Inc.*, the Northern District of California *agreed* that the Commodity Exchange Act ("CEA"), not gaming law, governs exchange-traded event contracts. 2026 WL 1454132, at *1 (N.D. Cal. May 22, 2026). Defendants' reliance on that decision is therefore misplaced.

*First*, the *Blue Lake* litigation undermines Defendants' merits position. There, the court (1) held that the CEA "gave 'exclusive jurisdiction' over" CFTC-regulated contract markets to the CFTC; (2) on that basis, rejected the plaintiffs' efforts to use gaming law to enjoin the trading of "sports-related contracts" on a CFTC-regulated contract market; (3) *stayed* the plaintiffs'

attempted enforcement action; and (4) with the litigation paused, held that any remaining reputational harm to the contract market would be "minimal." *Blue Lake*, 2026 WL 1454132, at *1–2. So, Defendants ask this Court to follow a case putting a hold on an enforcement action by purported gaming regulators and rejecting many of the arguments Defendants now raise. *See* PageID.273, 283–84. If that's the ask, Polymarket US agrees: This Court should preliminarily enjoin any enforcement action by Defendants against Polymarket US.

*Second*, a notice of supplemental authority is not an appropriate vehicle for attempting to revive forfeited arguments about irreparable harm. In its opposition brief, Defendants had no response to the point that a state enforcement action would irreparably harm Polymarket US's reputation and customer goodwill. PageID.87; *see* PageID.1081 (noting this omission). Defendants' belated response comes too late. *See Am. Income Life Ins. Co. v. MR Fin. Grp., LLC*, 2024 WL 2724161, at *9 (E.D. Mich. May 28, 2024) ("Respondent's failure to raise the arguments it makes in its Notice of Supplemental Authority . . . constitutes a waiver of those arguments.").

*Third*, the Northern District of California did not and could not overrule the Sixth Circuit. In *Churchill Downs Technology Initiatives Co. v. Michigan Gaming Control Board*, the plaintiff supplied a declaration explaining "that Michigan's 'accusations of illegal gambling activity have hurt its reputation and caused a loss of customer goodwill.'" 162 F.4th 631, 643 (6th Cir. 2025). The Sixth Circuit held "[t]hat suffice[d]" to establish "irreparable injury." *Id.* In support of its preliminary-injunction motion, Polymarket US provided precisely the same kind of (unrefuted) evidence. PageID.87, 95. Defendants do not and cannot offer a reason to depart from Sixth Circuit precedent. Nor is Polymarket US's "legal argument" "novel." *Blue Lake*, 2026 WL 1454132, at *2. The CFTC has regulated event contracts for decades, *see* PageID.1031, and the Sixth Circuit has recognized the CFTC's exclusive jurisdiction for longer still, *see* PageID.1070–72.

Dated: June 5, 2026

Respectfully submitted,

*/s/ Derek Linkous*
BUSH SEYFERTH PLLC

Patrick G. Seyferth (P47575)
Derek J. Linkous (P82268)
Nicole K. Haelterman (P82922)
100 West Big Beaver, Suite 400
Troy, MI 48084
Telephone: 248.822.7800
seyferth@bsplaw.com
linkous@bsplaw.com
haelterman@bsplaw.com

GIBSON DUNN & CRUTCHER LLP

Orin Snyder
Matt Benjamin
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
osnyder@gibsondunn.com
mbenjamin@gibsondunn.com

Thomas H. Dupree, Jr.
Jacob T. Spencer
Adam I. Steene
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
tdupree@gibsondunn.com
jspencer@gibsondunn.com
asteene@gibsondunn.com

*Attorneys for Plaintiff QCX LLC d/b/a Polymarket US*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Derek Linkous*
BUSH SEYFERTH PLLC